Argued and submitted July 28, affirmed August 25, 1980

## STATE OF OREGON,
### *Respondent,*
#### *v.*
## GARY LEE HEAD,
### *Appellant.*

### (No. K 83009, CA 17058)
615 P2d 1154

Lewis B. Lawrence, Portland, argued the cause and filed the brief for appellant.

Patrick N. Rothwell, Certified Law Student, Salem, argued the cause for respondent. On the brief were James M. Brown, Attorney General, Walter L. Barrie, Solicitor General, and James E. Mountain, Jr., Assistant Attorney General, Salem.

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges.

RICHARDSON, P.J.

**RICHARDSON, P.J.**

Defendant appeals his conviction for driving while under the influence of intoxicants, ORS 487.540, a traffic infraction. He contends that he was denied his right of appeal by the failure of the district court to provide a recording of his trial. Specifically, defendant challenges the Multnomah County District Court rule providing for waiver of reporting in certain cases.

Defendant was arrested for the charge on September 20, 1979. Thereafter, on October 26, 1979, he requested a trial and a written notice was sent to him notifying him of the trial date. The trial notice included the text of the district court rule here in issue:

"* * * * *

"(4) If you desire a traffic infraction trial to be reported, you must file a written request in Room 110 at least (7) working days prior to trial. A fee of $10 will be charged for each day or part thereof. If you waive reporting of the trial, you also waive the right to appeal issues not otherwise preserved in the record."[1]

Defendant was convicted after a trial to the court. The trial was not reported. Following trial, defendant requested appointment of an attorney for the purposes of appeal. He was adjudged indigent and an attorney was appointed.

Defendant challenges the district court rule on three bases:

"(1) The imposition of a $10 fee is unconstitutional when, as here, the defendant is indigent;

"(2) A transcript or recording of the proceedings is a matter of right and must be provided by the State, regardless of fee, unless expressly waived; and

---

[1] That rule is based on ORS 46.335(2):

"Waiver of reporting in criminal cases or failure to make timely written request in accordance with local district court rule for reporting civil, violation and traffic infraction cases constitutes waiver of the right to appeal issues not otherwise preserved in the record."

"(3) The so-called 'waiver' provided for by the Court Rule is a mockery of the constitutional requirement that a waiver must be a voluntary and intentional relinquishment of a known right."

The difficulty in reviewing defendant's contention is that we have no record to determine the circumstances under which a recording was not made. We do not know if defendant requested recording and was denied that request, or if he expressly waived recording of the trial at some point in the proceedings. The record indicates that defendant was found to be indigent following his conviction when he requested appointed counsel for the purposes of appeal. However, the available record does not show that he claimed indigency prior to his trial or inability to pay the $10 recording fee. We cannot review defendant's constitutional claims in the abstract. Absent a factual record on which to review these claims, we affirm.

Affirmed.